# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FIRST HORIZON HOME LOANS, a division )
of FIRST TENNESSEE BANK, NATIONAL )
ASSOCIATION, )
)
        Plaintiff, )
)
        v. )    02:09-cv-0472
)
R. GARDNER a/k/a R. MARK GARDNER, )
)
        Defendant. )

## ORDER OF COURT

The Defendant, R. Gardner a/k/a R. Mark Gardner ("Gardner"), removed this matter from the Court of Common Pleas of Butler County, Pennsylvania on April 21, 2009.

On March 18, 2009, Gardner filed an Amended Answer with New Matter and Counterclaim. In his six-count Counterclaim against Plaintiff, Gardner brought four claims under Pennsylvania law, *to wit*: breach of contract, misrepresentation and fraud, Pennsylvania Unfair Trade Practices, and Pennsylvania Deceptive Debt Collection Practices, and two claims under federal law, *to wit*: Truth in Lending Act, 15 U.S.C. 1601, *et seq.*, and Federal Debt Collection Practices, 15 U.S.C. § 1692, *et seq.* It is the federal claims upon which Gardner basis his Notice of Removal.

The federal removal statute provides that civil suits that are "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . . ." 28 U.S.C. § 1441(a). Gardner premises his removal action upon 28 U.S.C. § 1331, which provides that district courts "shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (emphasis added.)

In *Holmes Group, Inc. v. Vornado Air Circulation, Sys., Inc.*, 535 U.S. 826, 830-32 (2002), the United States Supreme Court ruled that the well-pleaded complaint rule prevents a federal counterclaim from establishing federal question jurisdiction under § 1331.[1] The well-pleaded complaint rule restricts federal question jurisdiction to cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Holmes Group,* 535 U.S. at 831 (emphasis in original). After considering the various long-standing policies underlying the well-pleaded complaint rule,[2] the *Holmes Group* Court reasoned that, "It follows that a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint, cannot serve as the basis of 'arising under' jurisdiction." *Id.* In so ruling, the Supreme Court refused to "transform the longstanding, well-pleaded complaint rule into the 'well-pleaded complaint or counterclaim rule urged by respondent." *Id.*

Therefore, based on the holding in *Holmes Group,* the Court finds and rules that the federal claims contained in Gardner's counterclaim do not establish federal question jurisdiction under § 1331. Accordingly, this Court does not have subject-matter jurisdiction.

---

[1] The well-pleaded complaint rule governs both "whether a case 'arises under' federal law for purposes of § 1331 and whether "a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." *Holmes Group*, 535 U.S. at 830 n.2.

[2] The Supreme Court noted that allowing counterclaim removal was improper because it would expand the class of removable cases, "undermine the clarity and ease of administration of the well-pleaded complaint doctrine," and give the plaintiff / counterclaim-defendant less control over forum selection. *Id.* at 831-32.

The lack of subject-matter jurisdiction is a defect which cannot be waived. When removal of an action is improper, the Court is required to remand the action to state court. *See* 28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, this case will be remanded to the Court of Common Pleas of Butler County.

**AND NOW**, this 23rd day of April, 2009 it is hereby

**ORDERED**, **ADJUDGED, AND DECREED** that this action is hereby remanded forthwith to the Court of Common Pleas of Butler County, Pennsylvania.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

/s Terrence F. McVerry
United States District Court Judge

cc: Christopher A. Denardo, Esquire
Danielle Boyle-Ebersole, Esquire
Ilana Zion, Esquire
Lauren R. Tabas, Esquire
Leslie J. Rase, Esquire
Shapiro & DeNardo, LLC
Email: pabk@logs.com

David W. Tyree, Esquire
Email: dtyree@bellatlantic.net